I'm representing the Secretary of the Florida Department of Corrections, and I'll be brief. The simple question in this case is whether the district court erred in determining that Mr. Chamblee's petition was untimely based on a determination that the petition was not filed within one year of his conviction becoming final. In this case, as discussed in Clay, Jimenez, and Gonzalez, it is 2244D1A that defines, provides a definition for when a judgment becomes final for purposes of AEDPA. In this case, for purposes of AEDPA, that process was completed in the state court on August 8, 2012, when the first DCA issued its decision. His judgment, with a meaning of 2244D1A, became final on November 6, when he could have but did not seek certiorari in the U.S. Supreme Court. Okay, so help me with that a little bit. I would have thought that given the proceedings that remained pending on remand, we've got to figure out what to do with the 50 bucks, that he actually couldn't yet have gone to the U.S. Supreme Court because the U.S. Supreme Court says, you know, with respect to judgments in state courts, don't even think about coming to us until it's final, final, final, final, final. There's nothing left to do but execute the judgment. No, Your Honor, because what they have said in Clay, Jimenez, and Gonzalez is that 2244D1A is what controls finality. The cases on which opposing counsel relies is basically the general certiorari statute 1257, final judgment, court of last resort, and federal claim. 1257 is a general provision. 2244D1A is very specific. It governs federal habeas corpus. And that statute says, limitation shall run from the date on which judgment becomes final, with conclusion of direct review or the expiration of time for seeking that review. But expiration for seeking the time for seeking review, presumably here because the DCA was the last stop in the state system, you know, that the time to seek review would be to the U.S. Supreme Court. So now aren't we just looking at 1257? I mean, could he or could he have not gone to the U.S. Supreme Court? He could have. Why? Because finality is defined by 22D1A. But not with respect to what the U.S. Supreme Court thinks it can or can't review. That's 1257, right? What the Supreme Court has said is there is a uniform federal rule, and that is 2244D1A. That governs finality for federal habeas corpus limitations period for state prisoners. Excuse me. In Jimenez, they said. In what case? In addressing. Pardon me. In Jimenez, when they were addressing what effect state courts granting an out-of-time belated direct appeal had, they said 2244D1A requires the federal court to make use of the date on which the entirety of the state appellate process was completed. In this case, the appellate process was completed on August 8, 2012. Under Supreme Court Rule 13.1, excuse me, 13.3, where you measure the 90 days to seek certiorari from the judgment of the state court of last resort, not the mandate. But even so, I'm so sorry if I'm missing something, but it just seems like we're in this kind of this infinite loop. You say 2244D1A, but 2244D1A says final as measured from the last sort of opportunity to seek review. Your only review here would be in the U.S. Supreme Court. So it feels like to me we're looking at the question under 1257 whether the U.S. Supreme Court would have jurisdiction over the judgment. And I think – well, let me ask you this. Do you acknowledge that – forget about 2244D1A. Let's assume we're talking about 1257. If we're looking at 1257, do you acknowledge that the Supreme Court would not have certiorari jurisdiction over this appeal? They would have it. Why is that? Absolutely would. Given the fact that they sent it back to the – remanded it to the state trial judge to do something more than a ministerial task. Make some more findings on the 50 bucks. Because 2244D1A is the statute. It says what is final. What is a final judgment? Okay. So just bear with me. I promise I'll catch up to you on 2244D1A. But forget about that. Let's assume this is a direct appeal to the U.S. Supreme Court. We haven't even gotten to habeas yet. So it's just the DCA has done its thing, remanded for something, I think, other than ministerial to make some findings about the 50 bucks. And Chambly says I'm going to the U.S. Supreme Court. Does the U.S. Supreme Court have jurisdiction over that appeal? Outside the federal habeas context, I'm not sure. And I guess what I'm suggesting is that unless I'm missing something, that's sort of the jumping off point because the federal habeas context measures finality by reference to the last opportunity to seek direct review. And the last opportunity here to seek direct review would be in the U.S. Supreme Court from the DCA. And the DCA has done something other than enter some kind of final judgment that simply needs to be executed. The issue here is timeliness of the petition, not the merits of the petition. No, no, no. I get it. I'm just trying to figure out if this fellow couldn't have gone to the U.S. Supreme Court from the DCA, which I don't think he could have because I don't think that the DCA's ruling was final within the meaning of 1257. Then I don't really think the 2244 D1A has ever started ticking. But can I ask you a question? What happened? What in the world happened when the DCA sent it back down to the trial court and it just sits there? As far as I know, nothing's happened. Why? I can't answer that. That is the circuit court, state circuit court's realm. So do you acknowledge that there is something more than a ministerial task still pending before the trial court? What there is to be done is a $50 fine, which is a discretionary cost. The court may not even impose that. It can say, I'm just not going to do it. The other is a court cost, which the DCA struck and told the court, you will enter a $200 judgment. Yeah, I think it's really just ministerial. That is ministerial. Yeah, I think one in three, the 225 and the 200 are probably ministerial. But the 50 bucks, the court specifically said you need to make some new findings. Yes, but it's discretionary. Let me help you, counsel. That $50 is not really a fine as part of the sentence. It is a court cost. The relevant section of the Florida Code, and I'm not sure where I have it, but it calls it a court cost. There is a Supreme Court case, Washington Department of Social Services v. Kefla, 123 Supreme Court 1017, 2003. At page 1023, note 5, that says, in that case, the State Supreme Court of Washington remanded for further consideration of the scope and basis for awarding attorney's fees. And I'm quoting, our jurisdiction, which is premised on a final judgment or decree within the meaning of 1257A, is unaffected by this disposition. Cites to Pierce County, another Supreme Court case, saying that matters relating to attorney's fees and collateral matters like that do not keep the Supreme Court from exercising jurisdiction under 1257. I'm worried that the $50 was a fine and was part of the sentence, and the sentence would perhaps be part of the substantive judgment that would determine finality. But I think under the Florida Code section, this is a court cost and not really a fine. I believe that, Your Honor. Do you have any familiarity with anything I've just said? The section which you're talking about is section 775.0832, and it is a fine for a felony. That is a section under Florida Statute that governs fines. In 2003, Give me that 775 what? 775.0832, and that is the Parent 2. Yes, subsection 2. And when you read Parent 2, Parent 1 talks about fines. Parent 2, $50, talks about a cost. It's a county assessment. Right. Yes. In 2003, it was discretionary. The law changed afterwards and made it mandatory. It wasn't a 2003 version. It was discretionary. So I'll look at this. But so I thought that your answer now to Judge Anderson was this is a fine, not a cost. But it sounds like if we look at one, it, in fact, is a cost, not a fine. I'm not quite sure. The fine for number 1 is maybe number 1, but it's a county assessment for number 2. Got it. With regard to, this is the issue of timeliness in this case. And this Court, with regard to whether or not, the issue of jurisdiction under 1257, this Court in Nix, specifically addressed in 1257, there's a requirement of a final judgment, court of last resort, and a federal claim. This Court in Nix said the one-year limitation of 2244 D1A is concerned solely with a question of time, and not whether a defendant's appeal qualifies on the merits for review by the Supreme Court. Nix controls that issue. The jurisdiction is governed from timeliness. 2244 D1A is a specific finality judgment of last resort from the State Court of Last Resort, and it controls. So I'll have to look through to the statute. The DCA says the law in March 2003 allowed the imposition of a $50 fine for a felony conviction so long as the court found the defendant had the ability to pay, and the fine would not be prevented thereby from being rehabilitated or making restitution, citing 775.083 sub 2 A and B. Is the 03 version of this statute that was in place at the time as to cost versus fine different from what it is today? I would have to read it. Okay. We can check that out. Actually, what I was talking about is the current Florida law in 775.0832 in Perrin, which refers to it as a court cost, but that may not be the statute that was at issue at the time. Yeah, we can figure that out. But as you say, it has been amended in some respect. It has been amended in 2004. And I see just as I'm looking over Judge Anderson's shoulder, it's titled fines. Titled fines, and that, one, deals with fines, but, two, clearly calls it a cost. Okay, good. Thank you. Yeah, the issue in this court is timeliness, not merits review. All right. So unless the court has any further questions, we would ask that you affirm. Yeah, very good. Thanks so much. All right. So we will stand in recess pending the opportunity that you've accorded your adversary to supplement briefly any remarks in response to your presentation. If he has a valid excuse, which we'll determine. We'll be in recess until tomorrow at 9 o'clock. All right.